*1414 OPINION.
Morris:
The Commissioner was in error in deducting a tentative tax from current earnings in computing the amount of current earn *1415 ings available for the payment of dividends. L. S. Ayers & Co., 1 B. T. A. 1135.
Under section 234 (a) (1) of the Revenue Act of 1918, the petitioner is entitled to deduct a reasonable allowance for salaries or other compensation for personal services actually rendered. During the year 1920 the petitioner paid its general manager a salary and certain commissions, and also gave him a bonus of 125 shares of its stock. Apparently, the Commissioner has allowed the petitioner to deduct $21,211.45 on account of these payments as a reasonable allowance for salaries or other compensation for personal services actually rendered by Arthur Davidson.
The petitioner now contends that in addition to the amount allowed by the Commissioner it should be allowed at least $6,250, representing the excess of the actual value of the shares of sto.ck issued to Davidson over the par value of those shares, but the evidence does not indicate that reasonable compensation for personal services actually rendered by Davidson during the year 1920, exceeds the amount already allowed by the Commisioner. The vice president of the petitioner states that in his opinion Davidson’s services in 1920, were worth $12,500 a year. From the evidence we could not determine that his services were worth any greater amount. The Commissioner has already allowed a deduction in excess of this amount and we will certainly not increase the allowance.
Petitioner’s next contention is that invested capital for 1920 should be increased by $6,250 prorated from February 14, 1920. Invested capital is a statutory creation. The Revenue Act of 1918, section 326 (a) defines the term. We fail to find any authority in that section for including the contested amount in invested capital on account of the issuance of stock to Davidson as a bonus for services rendered by him as secretary and general manager of the business. Furthermore, the important consideration in the determination of invested capital is the value of the property which forms the consideration for the issuance of the stock and the value of the stock is unimportant except as it may indicate the value of the property. In the present case we are unable to determine the value of the services performed by Davidson in consideration of which the stock was issued to him, and for this additional reason the petitioner’s contention fails. Klamer-Goebel Furniture Co., 11 B. T. A. 1322.
Reviewed by the Board.

Judgment will be entered wider Buie 50.